IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Edward W. Nottingham**

Civil Action No. 04–cv–01706–EWN–BNB

TIMOTHY JOHN KENNEDY,

    Plaintiff,

v.

OFFICER LAKE,

    Defendant.

---

**ORDER CONCERNING MAGISTRATE JUDGE'S RECOMMENDATION**

---

Plaintiff's claims in this case are premised on 42 U.S.C. § 1983 (2006). Plaintiff Timothy John Kennedy alleges that Defendant Officer Lake deprived him of his constitutional right to access the court, in violation of section 1983. This matter is before the court on the "Recommendation of United States Magistrate Judge" filed June 7, 2005. Defendant has objected to the recommendation. Jurisdiction is based on 28 U.S.C. § 1343 and 42 U.S.C. § 1983.

**FACTS**

*1.  Factual Background*

The following facts are taken from Plaintiff's complaint and the parties' submissions with respect to Defendant's motion to dismiss. Plaintiff is incarcerated by the Colorado Department of Corrections ("CDOC") at the Centennial Correctional Facility. Plaintiff is incarcerated due to a

-1-

1997 double homicide conviction. Plaintiff and his attorney's investigator, Michael Martinez, requested a "contact" visit, and, on August 9, 2002, in violation of CDOC's administrative regulations, Defendant placed Plaintiff behind a glass partition and forced Plaintiff to communicate with Martinez through telephones monitored by the CDOC. Plaintiff reiterated his request for a "contact" visit and Defendant allegedly asked to "inspect [Plaintiff's] legal papers." Plaintiff agreed to this request because he was under the impression that Defendant was simply going to "shake any papers for contraband and then return them . . ." Instead, Plaintiff alleges, Defendant "leaned up against a table and started to completely read [his] [three] typed pages of legal documents." Plaintiff contends that after about fifteen or twenty seconds he requested that Defendant return the papers. Plaintiff alleges that Defendant denied him a "contact" visit because Defendant was unable to read all three pages.

## 2. *Procedural History*

On August 17, 2004, Plaintiff filed a complaint in this court. Plaintiff asserted one claim for denial of a contact visit with his attorney's investigator in violation of his constitutional rights. On January 7, 2005, Defendant filed a motion to dismiss. Defendant argued that: (1) there was no constitutional violation because Martinez's visit related to a post-conviction matter; (2) Plaintiff's complaint is barred by the statute of limitations; and (3) Defendant is entitled to qualified immunity. On February 9, 2005, Plaintiff filed a response in opposition to Defendant's motion to dismiss. On February 11, 2005, Defendant filed a reply in support of his motion to dismiss.

On June 7, 2005, the assigned magistrate judge issued a recommendation on Defendant's motion to dismiss. He recommended that Defendant's motion to dismiss be denied to the extent it seeks dismissal of the complaint for failure to state a claim upon which relief can be granted. He stated that he could "not determine on a motion to dismiss if the DOC's limitations on [] [P]laintiff's visit were reasonably related to a legitimate penological interest and "construing all reasonable inferences in favor of [] [P]laintiff, I cannot conclude [] Martinez's visit was related to a post-conviction proceeding." Additionally, the magistrate judge concluded that the applicable statute of limitations does not bar Plaintiff's complaint. Finally, the magistrate judge determined that Defendant was not entitled to qualified immunity because a prisoner has a reasonable opportunity "to seek and receive assistance of attorneys and their paraprofessionals" and "[P]laintiff alleges that [Defendant] violated this right in 2002." On June 17, 2005, Defendant filed an objection to the recommendation. Defendant asserts two objections: (1) Plaintiff cannot demonstrate that Defendant's conduct caused an injury in fact; and (2) Defendant is entitled to qualified immunity because neither "Defendant . . . [n]or any reasonable person, was on notice that the limited meeting . . . would violate Plaintiff's rights."

**ANALYSIS**

*1.   Standard of Review*

The standard of review that this court employs in considering a magistrate judge's recommendation depends upon whether the motion upon which the magistrate judge has made a recommendation is dispositive or non-dispositive. Under Federal Rule of Civil Procedure 72(a), a district court may reverse a magistrate judge's decision on a non-dispositive matter only if the

decision is found to be "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a) (2004). Under the clearly erroneous standard of review, the magistrate judge's findings should not be rejected merely because the court would have decided the matter differently. *Anderson v. City of Bessemer*, 470 U.S. 564, 573 (1985). Rather, the district court must affirm the decision of the magistrate judge unless "on the entire evidence[, the district court] is left with the definite and firm conviction that a mistake has been committed." *Id.* at 1464 (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 [1948]).

For dispositive motions, such as motions for summary judgment and Rule 12(b)(6) motions, a district court assessing a magistrate judge's findings of fact and recommendations for disposition must make a "*de novo* determination of those portions of the report . . . to which objection is made." *See* 28 U.S.C.A. § 636(b)(1) (2004); Fed. R. Civ. P. 72(b). "When conducting *de novo* review, the district court makes its own determinations of disputed issues and does not decide whether the magistrate's proposed findings are clearly erroneous." *Branch v. Martin*, 886 F.2d 1043, 1046 (8th Cir. 1989). Here, Defendant's motion to dismiss is a dispositive motion. Thus, I review the magistrate's recommendation *de novo*.

For the purposes of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court should only dismiss the claim "when it appears that the plaintiff can prove no set of facts in support of the claims that would entitle him to relief, accepting the well-pleaded allegations of the complaint as true and construing them in the light most favorable to the plaintiff." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (quoting *Yoder v. Honeywell, Inc.*, 104 F.3d 1215, 1224 [10th Cir.1997]). "The court's function on a Rule 12(b)(6) motion is not to weigh

potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Id.* (quoting *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 [10th Cir.1999]). This pleading standard is not altered if the defendants raise a qualified immunity defense. *Crawford-El v. Britton*, 523 U.S. 574, 595 (1998); *Currier v. Doran*, 242 F.3d 905, 911 (10th Cir. 2001). Accordingly, a plaintiff alleging a violation of section 1983 must only include "a short and plain statement of the claim showing that the pleader is entitled to relief." *Leatherman v. Tarrant County Narcotics Intelligence Unit*, 507 U.S. 163, 168 (1993).

### *2.    Plaintiff's Section 1983 Claim*

Plaintiff alleges that Defendant deprived him of his Sixth and Fourteenth Amendment rights to access the courts in violation of section 1983. Defendant objects to the magistrate judge's determination that Plaintiff's complaint sufficiently states a section 1983 claim. Specifically, Defendant objects that: (1) Plaintiff cannot establish standing because he did not suffer any "actual injury;" and (2) Defendant is entitled to qualified immunity.

Section 1983 provides that:

> [e]very person, who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . .

42 U.S.C. § 1983 (2006). To establish a claim under section 1983, a plaintiff must establish (1) a deprivation of a federal or constitutional right by (2) a person acting under color of state law.[1] *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970). Section 1983 allows a plaintiff to seek money damages from government officials who have violated his or her constitutional rights. *Galletta v. Deasy*, 9 Fed. Appx. 909, 911 (10th Cir. 2001). Government officials performing discretionary functions are generally granted qualified immunity and are "'shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Wilson v. Layne*, 526 U.S. 603, 609 (1999) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 [1982]). A court evaluating a claim of qualified immunity must first determine whether the plaintiff has alleged the deprivation of an actual constitutional right, and if so, proceed to determine whether that right was clearly established at the time of the alleged violation. *Id.* at 611. If there is not a constitutional violation, then the defendants must prevail and there is no necessity for further inquiries concerning qualified immunity. *Saucier v. Katz*, 533 U.S. 194, 201 (2001). On the other hand, if the facts (viewed in a light most favorable to Plaintiffs) show a violation of a constitutional right, then I must determine whether that right was clearly established. *Id.* I evaluate Defendant's request for qualified immunity in light of Plaintiff's claims for relief under the Sixth and Fourteenth Amendments.

---

[1] The parties do not dispute that Defendant is a person acting under color of state law.

From the outset, I note that Plaintiff cannot demonstrate standing in this case. A plaintiff alleging a constitutional violation must demonstrate an "actual injury." *Lewis v. Casey*, 518 U.S. 243, 349 (1996). The actual injury requirement derives from the standing doctrine, "a constitutional principle that prevents courts of law from undertaking tasks assigned to the political branches." *Id.* "It is for the courts to remedy past or imminent official interference with individual inmates' presentation of claims to the courts; it is for the political branches of the State and Federal Governments to manage prisons in such fashion that official interference with the presentation of claims will not occur." *Id.* Plaintiff asserts that Defendant violated his fundamental right to access the courts because he and Martinez did not have a "contact" visit. First, Defendant did not deny Plaintiff access to his attorney or Martinez. Defendant allowed Plaintiff to meet with Martinez, albeit through a glass partition. Accordingly, Plaintiff has not asserted any facts that suggest he suffered an injury flowing from Defendant's conduct. Thus, Plaintiff does not have standing to assert his constitutional claim.

Even assuming Plaintiff did allege an actual injury, Plaintiff cannot establish a Sixth Amendment violation. The Sixth Amendment to the United States Constitution, as applied to the states through the Fourteenth Amendment, states:

> [i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and
> public trial, by an impartial jury of the State and district wherein the crime shall
> have been committed, which district shall have been previously ascertained by law,
> and to be informed of the nature and cause of the accusation; to be confronted
> with the witnesses against him; to have compulsory process for obtaining witnesses
> in his favor, and to have the Assistance of Counsel for his defence.

U.S. Const. amend. VI. The United States Supreme Court held that "there is no constitutional right to an attorney in state post-conviction proceedings." *Coleman v. Thompson*, 501 U.S. 722, 752 (1991) (citing *Pennsylvania v. Finley*, 481 U.S. 551, 555 [1987]). Plaintiff's complaint alleges that he is incarcerated due to a double homicide conviction in 1997. Plaintiff alleges that the 1997 conviction "was based on false reports, false affidavits, false evidence, and false testimony, all provided by former El Paso County Sheriff's Detective Mark Finley." Plaintiff asserts that Finley left the El Paso County Sheriff's Department "sometime after [his] conviction in August 1997 to become an investigator for the [CDOC]." Plaintiff alleges that "investigators rarely[,] if ever[,] get directly involved in attorney visits. With the conflict of interest between myself and former Det[ective] Finley, now DOC Officer Finley; these actions by [Defendant] are very suspicious." Taking the allegations in the complaint as true, and viewing them in a light most favorable to Plaintiff, it is clear that Martinez's visit pertained to Plaintiff's post-conviction proceedings and his allegations that Officer Finley orchestrated his 1997 conviction. In fact, Plaintiff does not assert in any of his submissions to the court that his visit with Martinez pertained to anything other than his theory that Detective Finley "fabricated [Plaintiff's] current case with perjury, forgery, witness tampering, and evidence tampering." Thus, Plaintiff has not sufficiently alleged a Sixth Amendment violation. Accordingly, it is

**ORDERED** as follows:

1. The recommendation is REJECTED.

2. Defendant's motion to dismiss (#23) is granted. The case is hereby DISMISSED with prejudice.

    3.      All other pending motions are DENIED as moot.

Dated this 31st day of March, 2006.

BY THE COURT:

s/ Edward W. Nottingham
EDWARD W. NOTTINGHAM
United States District Judge